IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil No. 17-00033 JMS-KJM |
| | ) | |
| Petitioner, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO GRANT |
| vs. | ) | THE UNITED STATES OF |
| | ) | AMERICA'S PETITION TO |
| RICHARD A. TAKASE, | ) | ENFORCE INTERNAL REVENUE |
| | ) | SERVICE SUMMONS |
| Respondent. | ) | |
| | ) | |

FINDINGS AND RECOMMENDATION TO GRANT
THE UNITED STATES OF AMERICA'S PETITION TO
ENFORCE INTERNAL REVENUE SERVICE SUMMONS

On January 25, 2017, Petitioner United States of America ("Petitioner") filed a Petition to Enforce Internal Revenue Service Summons ("Petition") served upon Respondent Richard A. Takase ("Takase"). ECF No. 1. The Petition included a declaration of Revenue Officer Martin L. Humpert ("Humpert Declaration") and an Internal Revenue Service ("IRS") summons served upon Takase on April 1, 2016 (the "Summons"). *Id.* On January 27, 2017, the Court issued an Order to Show Cause ("Order to Show Cause") ordering Takase to appear to show cause, if there be any, why he should not be compelled to comply with the Summons. ECF No. 4.

The matter first came on for hearing on March 1, 2017. Assistant United States Attorney Harry Yee appeared on behalf of Petitioner. Takase appeared

*pro se*. At the hearing the parties advised the Court that they were working on a resolution and jointly requested a five-month continuance, which the Court granted.

The matter came on for further hearing on August 8, 2017. Assistant United States Attorney Harry Yee appeared on behalf of Petitioner along with Internal Revenue Service Revenue Officer Martin L. Humpert. Takase appeared *pro se*. The parties were unable to resolve the Petition by agreement.

After careful consideration of the Petition, briefs, declarations, exhibits, and arguments of the parties in their written submissions and during the hearing, and being fully advised in the matter, the Court FINDS and RECOMMENDS that the Petition be GRANTED and the Summons be enforced.

BACKGROUND

On April 1, 2016, in accordance with Internal Revenue Code section 7603, IRS Officer Martin Humpert served an attested copy of the Summons on Takase by handing a copy of the Summons to Takase. ECF No. 1-1. The Summons requested Takase's documents and records related to his financial affairs for the period October 1, 2015 to March 31, 2016, and his Form 1040 for the calendar years 2002, 2003, 2004, 2005, 2006, 2007, 2008, and 2009. *Id.* The Summons directed Takase to appear before Humpert with these materials on May 5, 2016.

*Id.* Takase appeared on May 5, 2016, but he did not provide all summoned information. *Id.* Petitioner responded by filing the instant Petition.

DISCUSSION

To obtain enforcement of a summons, the IRS need only make a *prima facie* showing of good faith in the issuance of the summons. *See Lidas Inc. v. United States*, 238 F. 3d 1076, 1082 (9th Cir. 2001). A showing of good faith is based upon the four requirements set forth in *United States v. Powell*, which requires the IRS to show that: (1) the investigation is conducted for a legitimate purpose; (2) the inquiry may be relevant to that purpose; (3) the information requested is not already in the possession of the IRS; and (4) the administrative steps required by the Internal Revenue Code have been followed. *United States v. Powell*, 379 U.S. 48, 57-58 (1964). Declarations or affidavits by directors or agents generally satisfy the requirements set forth in *Powell*. *See Lidas*, 238 F.3d at 1082 (citing *United States v. Stuart*, 489 U.S. 353, 360-61 (1989)).

In the instant case, Petitioner has established that the Summons complies with the four elements of the *Powell* standard. The Humpert Declaration establishes that the Summons was issued for a legitimate purpose, that is, in an effort to determine Takase's correct federal income tax liabilities for the years at issue. Moreover, the court is satisfied that the information sought through the Summons is relevant to the inquiry into Takase's correct tax liability for those

years and that the information sought is not within the IRS' possession. Finally, the court finds that all administrative requirements have been met.

Accordingly, the United States has established its *prima facie* case, and the burden now falls upon Takase to "'challenge the summons on any appropriate ground.'" *Powell*, 379 U.S. at 58 (quoting *Reisman v. Caplin*, 375 U.S. 440, 449 (1964)). The objecting party must allege specific facts and evidence to support allegations of bad faith or improper purpose. *See Crystal v. United States*, 172 F.3d 1141, 1144 (9th Cir. 1999). Moreover, where the government must meet only a minimal threshold to demonstrate relevance and purpose, the burden on the objecting party to prove government wrongdoing is significantly greater. *See United States v. Stuckey*, 646 F.2d 1369 (9th Cir. 1981). Takase has not provided any legal or factual basis to disprove Petitioner's *prima facie* case. Nor is the Court aware of any facts or evidence that would support such a challenge.

CONCLUSION

Based on the foregoing, this Court FINDS AND RECOMMENDS that the Petition be GRANTED and the Summons be enforced in full. Takase shall also, as part of his compliance with the Summons, provide Petitioner with: (i) the name of the company or individual who stored his financial records prior to their alleged disposal; (ii) his credit union account information referenced during the hearing, including the credit union account name, number, and address; (iii) the name and

4

contact information for his accountant; and (iv) written authorization for Petitioner to obtain information regarding Takase's domestic and foreign bank accounts for the period October 1, 2015 to March 31, 2016.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaiʻi, August 9, 2017.



    /S/ Kenneth J. Mansfield
Kenneth J. Mansfield
United States Magistrate Judge

*United States of America v. Richard A. Takase*, CV 17-00033 JMS-KJM; Findings and Recommendation to Grant the United States of America's Petition to Enforce Internal Revenue Service Summons