IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil No. 17-00033 JMS-KJM |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | TO DENY PETITIONER UNITED |
| vs. | ) | STATES OF AMERICA'S PETITION |
| | ) | FOR ORDER TO SHOW CAUSE WHY |
| RICHARD A. TAKASE, | ) | RESPONDENT SHOULD NOT BE |
| | ) | HELD IN CONTEMPT |
| Respondent. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO DENY PETITIONER
UNITED STATES OF AMERICA'S PETITION FOR ORDER TO SHOW
CAUSE WHY RESPONDENT SHOULD NOT BE HELD IN CONTEMPT

On October 20, 2017, Petitioner United States of America ("Petitioner") filed a Petition for Order to Show Cause Why Respondent Should Not Be Held in Contempt ("Petition"). ECF No. 17. Respondent Richard A. Takase ("Respondent") did not file an opposition to the Petition.

The Court held a hearing on the Petition on February 5, 2018. ECF No. 24. Harry Yee, Esq., appeared on behalf of Petitioner, along with Revenue Officer Martin L. Humpert. Respondent appeared *pro se*. After carefully considering the memoranda, arguments, and the record in this case, the Court FINDS AND RECOMMENDS that the district court DENY the Petition for the reasons set forth below.

BACKGROUND

Petitioner filed its Petition to Enforce Internal Revenue Service Summons ("Petition to Enforce Summons") in this district court on January 25, 2017.  ECF No. 1.  According to the Petition to Enforce Summons, the Internal Revenue Service ("IRS") is investigating Respondent's tax liabilities for the calendar years 2002 through 2009.  *See id.* at 5.  On April 1, 2016, in connection with the IRS' investigation, Revenue Officer Martin L. Humpert ("Revenue Officer") served an administrative summons on Respondent ("Summons"), ordering Respondent to "appear on May 5, 2016, in order to give testimony and produce for examination certain books, records, papers, and other data as described in the [Summons]."  *Id.* at 6.  The Summons specifically sought from Petitioner "all bank statements, checkbooks, canceled checks, saving account passbooks, records or certificates of deposit for the period:  From 10/01/2015 to 03/31/2016."  ECF No. 1-2 at 2. Petitioner contended that, although Respondent appeared at the designated date and time pursuant to the Summons, Respondent did not provide all information responsive to the Summons.  *Id.* at 8.

On January 27, 2017, the district court issued its Order to Show Cause, ordering Respondent to appear before this Court on March 1, 2017, "to show cause why he should not be compelled to obey the [Summons] . . . ."  ECF No. 4 at 1.  This Court held an initial hearing on the Order to Show Cause on March 1, 2017.  ECF

No. 6.  Mr. Yee appeared on behalf of Petitioner, and Respondent appeared *pro se*.

At Mr. Yee's request, the Court set a further hearing on the Order to Show Cause for

August 8, 2017, to give the parties time to resolve the disputes raised in the Petition.

On August 8, 2017, the Court held a further hearing on the Order to Show

Cause.  ECF No. 7.  Mr. Yee appeared on behalf of Petitioner, along with the

Revenue Officer.  Respondent appeared *pro se*.  Mr. Yee informed the Court that

Respondent had still not produced documents responsive to the Summons.  In

response to Mr. Yee's arguments, Respondent represented to the Court that, at or

around the time he closed his business, Respondent stored all of his financial records

in a "container."  Respondent stated that he was paying a man to leave the container

at an unspecified location, but that he assumed the man subsequently sold

Respondent's container to pay what Respondent owed him.  Thus, Respondent did

not believe he had access to the container or the financial records therein.

On August 9, 2017, this Court issued its Findings and Recommendation to

Grant Petitioner's Petition to Enforce Summons ("8/9/2017 F&R").  ECF No. 8.  In

the 8/9/2017 F&R, this Court recommended that the district court grant the Petition to

Enforce Summons, and that the Summons be enforced in full.  *See id.* at 4.  The

8/9/2017 F&R also recommended that Respondent be required to "name the company

or individual who stored his financial records prior to their alleged disposal."  *Id.*

The district court subsequently issued its Order Adopting the 8/9/2017 F&R on

3

August 31, 2017 ("8/31/2017 Order").  ECF No. 9.  The 8/9/2017 F&R and the

8/31/2017 Order are collectively referred to as the "Summons Order."

On October 20, 2017, Petitioner filed the Petition, requesting that the Court

hold Respondent in civil contempt based on his failure to comply with the Summons

Order.  ECF No. 17.  Petitioner contends that, despite the Summons Order,

Respondent has still not produced records responsive to the Summons.  *See id.* at ¶ 5.

Petitioner also contends that, following the August 8, 2017 hearing on the Order to

Show Cause, the Revenue Officer located the container with Respondent's financial

records, which demonstrates that Respondent misrepresented to the Court and

Petitioner that the container had been disposed.  *See id.* at ¶ 6.  Petitioner thus

requests that the Court hold Respondent in civil contempt and order Respondent to

pay all costs incurred by Petitioner in this action.  *See id.* at 3.

On October 26, 2017, this Court issued an entering order setting the deadline

for Respondent to file an opposition to the Petition for November 10, 2017

("10/26/2017 EO").  ECF No. 18.  The 10/26/2017 EO instructed Petitioner to deliver

a copy of the 10/26/2017 EO to the Revenue Officer for service upon Respondent.

*Id.*  The Revenue Officer served the 10/26/2017 EO on Respondent on November 6,

2017, four days before Respondent's opposition deadline.  ECF No. 19.  Thus, on

November 17, 2017, to give Respondent sufficient time to adequately respond to the

Petition, the Court issued an entering order allowing Respondent to file an opposition

4

to the Petition within seven days of service of that same entering order ("11/17/2017 EO"). ECF No. 20. The Revenue Officer served the 11/17/2017 EO on Respondent on November 28, 2017. ECF No. 21.

On December 20, 2017, the Court issued an entering order setting a hearing on the Petition for February 5, 2018 ("12/20/2017 EO"). ECF No. 22. The 12/20/2017 EO instructed Petitioner to deliver a copy of the 12/20/2017 EO to the Revenue Officer for service on Respondent by January 12, 2018. The Revenue Officer served Respondent with the 12/20/2017 EO on January 9, 2018. ECF No. 23. Respondent did not file an opposition to the Petition, but Respondent appeared in person at the February 5, 2018 hearing on the Petition.

## DISCUSSION

"District courts have 'inherent power to enforce compliance with their lawful orders through civil contempt.'" *United States v. Bright* ("*Bright I*"), Civ. No. 07-00311 ACK-KSC, 2008 WL 3876111, at *3 (D. Haw. Aug. 20, 2008), *aff'd as modified*, 596 F.3d 683 (9th Cir. 2010) ("*Bright II*") (quoting *Cal. Dep't of Soc. Servs. v. Leavitt*, 523 F.3d, 1025, 1033 (9th Cir. 2008)). "Civil contempt occurs when a party disobeys a specific and definite court order by failing to take all reasonable steps within the party's ability to comply." *Id.* (citing *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006); *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993)). "A person who fails to

5

comply with an order enforcing an IRS summons may be held in contempt." *Id.* (citing *United States v. Rylander*, 460 U.S. 752, 753 (1983)).

In seeking an order for civil contempt, the government bears the initial burden of "showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999) (other citations omitted) (citing *Stone v. City & Cty. of San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir. 1992)). More specifically, the government must show by clear and convincing evidence that:  (1) the respondent violated the court order; (2) the respondent has not substantially complied with the court order; and (3) the respondent's violation was not based on a good faith and reasonable interpretation of the order. *Bright II*, 596 F.3d at 694 (citing *Labor/Cmty. Strategy Ctr. v. L.A. Cty. Metro. Trans. Auth.*, 564 F.3d 1115, 1123 (9th Cir. 2009)). If the government carries its initial burden, "'[t]he burden then shifts to the contemnors to demonstrate why they were unable to comply.'" *Affordable Media*, 179 F.3d at 1239 (quoting *Stone*, 968 F.2d at 856 n.9).

In the Petition, Petitioner asserts generally that, despite the Summons Order, Respondent has failed to produce documents responsive to the Summons and Summons Order. *See* ECF No. 17 at ¶¶ 2-5. Petitioner also asserts that the Revenue Officer has located the container that Respondent mentioned at the August 8, 2017 hearing on the Petition to Enforce Summons. *See id.* at ¶ 6; *see also* ECF No. 17-1 at

¶ 9.  According to the Revenue Officer's declaration in support of the Petition, the container is located on real property on Maui, Hawaiʻi, not owned by Respondent. *See* ECF No. 17-1 at ¶ 10.  Petitioner contends that the existence of the container demonstrates that Respondent made an intentional misrepresentation to the Court and Petitioner.  Petitioner thus requests that the Court hold Respondent in civil contempt for his alleged failure to comply with the Summons Order and alleged misrepresentation regarding the container.

The Court finds that Petitioner does not establish by clear and convincing evidence that Respondent violated the Summons Order.  Indeed, the Petition does not specify how Respondent allegedly violated the Summons Order.  Instead, the Petition simply asserts that Respondent has not produced the requested financial documents. The Petition is entirely lacking any detail regarding what information, if any, Responded has provided, or Respondent's explanation, if any, for not providing certain information, including whether he even has responsive information in his possession, custody, or control.  In addition, the Court finds that Respondent's statements at the August 8, 2017 hearing regarding the container do not constitute misrepresentations regarding the container's existence.  Petitioner overstates Respondent's comments about the container and disregards the limited and recent scope of information covered by the Summons.  The Court thus finds that Petitioner

fails to meet its burden and recommends that the district court deny the Petition without prejudice.

Furthermore, to the extent that Petitioner asserts that Respondent violated the Summons Order by not producing documents in the container, Respondent explained at the hearing on the Petition that he has not accessed the container since around 2010, when Respondent closed his business.  Thus, based upon the information available to the Court, the container does not contain documents responsive to the Summons, which seeks financial documents for the period starting from October 2015 to March 2016, and therefore cannot form the basis of a contempt finding.

CONCLUSION

Based on the foregoing, the Court FINDS AND RECOMMENDS that the district court DENY the Petition without prejudice.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaiʻi, February 23, 2018.



  /S/ Kenneth J. Mansfield
Kenneth J. Mansfield
United States Magistrate Judge

*United States of America v. Richard A. Takase*, CV 17-00033 JMS-KJM; Findings and Recommendation to Deny United States of America's Petition for Order to Show Cause Why Respondent Should Not Be Held in Contempt